**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tyana Rainey, <br><br>              Plaintiff, <br><br><br> v. <br><br><br><br> Net PayAdvance, Inc. d/b/a Net PayAdvance, <br><br><br>              Defendant. | Civil Case Number:   3:25-cv-157 (LEK/MJK) <br><br><br> **CIVIL ACTION** <br><br> **COMPLAINT AND** <br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tyana Rainey ("Plaintiff") brings this complaint (the "Complaint") against Net PayAdvance, Inc. d/b/a Net PayAdvance ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1.     Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C §§ 227, et seq. ("TCPA") and invading the privacy of Plaintiff and the putative class.   Specifically, Defendant has made unsolicited telemarketing calls using a pre-recorded and/or artificial voice without her consent in violation of the TCPA as well as its related regulations under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c) andx the Internal Do-Not-Call provisions of 47 C.F.R. § 64.1200(d)(3) and (6).

2.     Defendant made several unauthorized telephone calls to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice for the purpose of soliciting business from Plaintiff.

3.     Defendant also transmitted numerous unauthorized telemarketing text messages to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff even though

Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry for many years.

4.      By making such telephone solicitations, Defendant has invaded the personal privacy of Plaintiff.

5.      The TCPA was enacted to protect consumers from unsolicited and unwanted text messages exactly like those alleged in this case.

6.      In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited text messages as well as an award of statutory damages for herself per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## **PARTIES**

7.      Plaintiff is an individual and citizen of New York residing in Tompkins County. At all times mentioned herein Plaintiff was, and is, a "person" as defined by 47 U.S.C. § 153(39).

8.      Upon information and belief, Defendant is, and at all times mentioned herein was, a foreign corporation with its principal place of business in Wichita, Kansas. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New York and within this judicial district.  At all times mentioned herein, Defendant was a "person" as defined by 47 U.S.C. § 153(39).

9.      Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, vendors, servants, representatives, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, representatives or employees.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

11.     The Court has personal jurisdiction over Defendant because: (i) Defendant conducts significant business in this District; and (ii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment.  The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.

14.     The TCPA also specifies several technical requirements for fax machines, autodialers, and voice messaging systems - principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

15.     In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

16.    Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

17.    As of October 16, 2013, unless the recipient has given prior express ***written*** consent,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

18.    Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer*

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

*Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc*., 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

19.    Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

20.    With respect to misdialed or wrong-number calls, the FCC clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15-72, 30 F.C.C.R. 7961, 71-72 (July 10, 2015).  "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id*.  Thus, any second call placed to a wrong number violates the TCPA.

21.    The TCPA also established the National Do-Not-Call Registry, as well as the requirement that all businesses that place calls for marketing purposes maintain an "Internal" Do-Not-Call list ("IDNC list").

22.    The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]."

23.    The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. at§ 64.1200(d)(3), (6).

24. Any company, or someone on the company's behalf, who calls a member of the company IDNC violates the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief

## FACTUAL ALLEGATIONS

25. According to its website, Defendant provides payday loans online to its customers.

26. In Defendant's overzealous attempt to market its services, however, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls utilizing an artificial or pre-recorded message without the prior express written consent of the call recipients.

27. Defendant has also patently ignored the strictures of the DNC regulations.

28. Through its methods, Defendant has invaded the personal privacy of Plaintiff and members of the Classes defined below.

29. Upon information and belief, Defendant has intentionally and repeatedly violated the TCPA, and will continue to do so in violation of Plaintiff's and the Class members rights absent judicial relief and legal redress.

**Plaintiff Receives Unsolicited Telemarketing from Defendants**.

30. At all times relevant to this Complaint, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in – 4107 ("Cell Phone").

31. Plaintiff, *herself*, registered the Cell Phone on the National Do Not Call Registry ("DNCR").

32. Plaintiff placed her own number on the DNCR (as opposed to someone else placing her number on the list).

33. Plaintiff's Cell Phone is used for residential purposes.

34.     Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to call.

35.     At no time prior to Defendant first initiating its call to Plaintiff did Plaintiff provide Plaintiff's Cell Phone to Defendant through any medium.

36.     At no time did Plaintiff ever enter a business relationship with Defendant.

37.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted for marketing purposes.

38.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted by Defendant on his Cell Phone via an artificial voice or pre-recorded message.

39.     Despite its obligations under the TCPA and the regulations governing the DNCR, Defendant placed numerous unlawful solicitation calls Plaintiff on her Cell Phone in May 2024.

40.     Specifically, on May 3, 2024, Plaintiff received an unsolicited telemarketing call to his Cell Phone from the phone number ending in -3320, with a pre-recorded message, as defined by 47 U.S.C. § 227(a)(1).

41.     The pre-recorded message expressly identified Defendant.

42.     After the message was played, Plaintiff told Defendant that she was not interested in its services or products. Thereafter, the call was disconnected.

43.     Due to the cadence and tone of the pre-recorded message, Plaintiff was able to discern that, at the outset of the call, there was not a live representative on the line and that Defendant was utilizing a pre-recorded message.

44.     Upon information and belief, and based on the circumstances as described above, Defendant called Plaintiff using a pre-recorded message as prohibited by 47 U.S.C. § 227(b)(1).

45.     When Plaintiff heard Defendant's message at the outset of the call, Plaintiff was able to determine that it was a pre-recorded message and that he was not speaking to a live person.

*See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

46.    It was evident to Plaintiff that the voice message she heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (b) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live human being on the line.

47.    Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages and can differentiate the characteristics and sounds of a pre-recorded voice message in contrast to an ordinary voice message.

48.    Based on the Plaintiff's own personal experience, the voice message received from Defendant clearly sounded like a pre-recorded voice message.

49.    Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to transmit a telephone solicitation to the telephone number of any subscriber included in the National Do Not Call Registry.

50.    Nevertheless and despite Plaintiff tell Defendant that she was not interested in its services, Defendant began transmitting text message solicitations to Plaintiff's Cell Phone beginning in May 2024.

51.    By way of example only, Plaintiff received the following text message, which expressly identified Defendant and provided a link to its website:



52.

53.    Three days later, Plaintiff received yet another text message from Defendant with similar telemarketing and hyperlinks to its website.

54.    Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

55.    Plaintiff received several unlawful telephone solicitations from Defendant and/or a third party acting on Defendant's behalf within a 12-month period.

56.    Plaintiff did **not** provide Defendant with her cellular telephone number at any point in time, nor did Plaintiff give permission for Defendant to make telephone solicitations to her or to send her telemarketing messages.

57.    Plaintiff did **not** have an established business relationship with Defendant prior to or during the time of the telephone solicitations from Defendant.

58.    Plaintiff did **not** have a personal relationship with Defendant at any point in time.

59.    Plaintiff did **not** give Defendant prior express invitation or consent in writing for Defendant to call or direct messages to Plaintiff's personal cellular telephone for marketing or solicitation purposes.

60.    Upon information and belief, Defendant did not make the telephone solicitations in error.

61.    During the phone call with Defendant, Plaintiff requested that Defendant not contact her or transmit unsolicited telemarketing to her Cell Phone.

62.    Despite this request, Defendant transmitted several unsolicited text messages to Plaintiff.

63.    Based on the foregoing, Defendant does not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

64.     Based on the foregoing, Defendant does not train their employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R § 64.1200(d)(2).

65.     Defendant failed to place Plaintiff on the do-not-call list, despite her request to not be contacted.

66.     Instead, Defendant continued to transmit text messages to Plaintiff's Cell Phone, in violation of 47 C.F.R § 64.1200(d)(3).

67.     By its actions, Defendant also violated 47 C.F.R § 64.1200(d)(6).

## LEGAL CLAIMS

68.     Defendant's unsolicited telemarketing calls to Plaintiff's Cell Phone were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

69.     Plaintiff did not request or provide Defendant "prior express written consent" to receive telemarketing calls to her Cell Phone utilizing a pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

70.     Plaintiff also did not provide regular "prior express consent" to receive any prerecorded calls from Defendant or text messages.

71.     The unwanted communications Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

72.     Upon information and belief, Defendant did not make the telephone solicitations to Plaintiff's Cell Phone and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

73.     Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephonic solicitations to

Plaintiff and other similarly situated persons in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

74.     Upon information and belief, Defendant and/or a third party acting on Defendant's behalf, and for Defendant's benefit, made the above-described and substantially similar unlawful telephone solicitations to thousands of telephone numbers nationwide that were registered on the National Do Not Call Registry.

75.     Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

76.     Among other harms caused by the unlawful calls at issue, receiving the unwanted phone calls resembles the kind of harm associated with invasion of privacy and intrusion upon seclusion.

77.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of herself and the Class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. §§ 227, et seq., which prohibits certain unsolicited voice calls to cellular phones.

78.     On behalf of Plaintiff and the Class, Plaintiff seeks an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees for the unlawful calls

## **CLASS ACTION ALLEGATIONS**

79.     Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Classes:

<u>TCPA Class</u>

All persons within the United States (1) who received any solicitation/telemarketing phone calls from or on behalf of Defendant (2) to said person's cellular telephone (3) made through the use of a prerecorded voice call (4) without such person's prior express consent to receiving such calls (5) within the four years prior to the filing of this Complaint.

<u>DNC Class</u>

All persons within the United States (1) registered on the National Do Not Call Registry for at least 31 days, (2) who received more than one telephone solicitation (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

80.    Plaintiff reserves the right to modify the definition of the Classes as warranted as facts are learned in further investigation and discovery.

81.    Plaintiff and the members of the Classes were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones using an artificial and/or pre-recorded voice, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

82.    Plaintiff does not know the number of members in the Classes, but believes the members of the Classes number in the thousands, if not more. Thus, the members of the Classes are so numerous that joinder of all of them is impracticable, and this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

83.    The members of the Class are ascertainable because the Class is defined by objective criteria and the Class members can be identified through Defendant's records or Defendant's agents' records and the National Do Not Call Registry.

84.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

85.    Common questions for the Classes include, without limitation:

- Whether Defendant's conduct violated the TCPA;

- Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

- Whether Defendant made phone calls to consumers using a pre-recorded voice to any telephone number assigned to a cellular phone service;

- Whether Defendant made phone calls to consumers registered on the National Do Not Call Registry; and

- Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

86. As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class.

87. Plaintiff and the Class suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, and suffered damages as a result of the Defendant's uniform unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

88. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

89. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

90.    This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

91.    Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

92.    This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

93.    The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

94.    Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

95.    Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

96.    By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, ET SEQ.**
**(Negligent APV Violations on Behalf of TCPA Class)**

97.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98.     Defendant made unsolicited and unauthorized phone calls using an artificial or pre-recorded voice to the cellular telephones of Plaintiff and the Class members for the purpose of marketing products and/or services to Plaintiff and the Class.

99.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

100.    Defendant made unsolicited and unauthorized calls to Plaintiff and Class members for the purpose of marketing products and/or services to those Plaintiff and the Class.

101.    Defendant's conduct invaded Plaintiff's privacy.

102.    As a result of Defendant's violations of 47 U.S.C. §§ 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §§ 227, ET SEQ.**
**(Knowing APV Violations on Behalf of TCPA Class)**

103.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

104.    At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

105.    Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

106.    Defendant willfully and/or knowingly allowed telemarketing calls to be placed to Plaintiff and Class members utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation calls.

107.    Because Defendant knew or should have known that Plaintiff and Class Members never gave their prior express written consent to receive prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

108.    As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

**THIRD CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, ET SEQ.**
**(Negligent Do Not Call List Violations on Behalf of DNC Class)**

109.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

110.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

111.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

112.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

113.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

114.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 65.1200(c).

115.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to Plaintiff who registered her telephone number on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

116.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

117.    As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

118.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, ET SEQ.
### (Willful Do Not Call List Class Violations On Behalf of DNC Class)

119.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

120.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

121.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

122.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FIFTH CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, *ET SEQ.*
### (Internal Do Not Call List Violations for PLAINTIFF ONLY)

123.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

124.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

125.    Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do- not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6)

126.    Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wires telephone numbers as follows:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e)

127.    Plaintiff made requests to Defendant not to receive telemarketing text messages transmitted from Defendant.

128. Defendant failed to honor Plaintiff's requests not to receive telemarketing text messages transmitted from Defendant.

129. Based on the foregoing, Defendant has not instituted procedures for maintaining a list of persons, including but not limited to Plaintiff, who requested not to receive telemarketing text messages transmitted by Defendant or on their behalf, pursuant to 47 C.F.R. § 64.1200(d).

130. Because Plaintiff received more than one text message in a 12- month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

131. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

132. Plaintiff is also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**SIXTH CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, *ET SEQ*.**
**(Internal Do Not Call List Violations for PLAINTIFF <u>ONLY</u>)**

133. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

134. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

135. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

136. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief and judgment against Defendant:

a. An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and

b. appointing the law firm representing Plaintiff as Class Counsel;

c. An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA;

d. On the First Cause of Action and as a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff seeks for herself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

e. On the Second Cause of Action and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff seeks for herself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

f.  On the Third Count and as a result of Defendant's negligent violations of the TCPA's implementing regulations, Plaintiff seeks for herself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

g.  On the Fourth Cause of Action and as a result of Defendant's knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seeks for herself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

h.  On the Fifth Cause of Action and as a result of Defendant's negligent violations of the TCPA's implementing regulations, Plaintiff seeks for herself: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; (vi) any other relief the Court may deem just and proper

i.  On the Sixth Cause of Action and as a result of Defendant's knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seeks for herself: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.

§227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

j.  Post-judgment interest as allowed by applicable law; and

k.  Any other further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable and all questions of fact raised by the Complaint.

Dated: February 3, 2025
New York, New York

KAZEROUNI LAW GROUP, A.P.C.

By: _____
Ross H. Schmierer, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

*Attorneys for Plaintiff*